Wright, J.,
delivered tbe opinion of tbe Court.
Tbe defendant, John M. Bridgman, filed a demurrer to tbe complainant’s bill, but tbe Chancellor overruled it. In this we think be erred.
That a reversionary, or remainder interest in real estate, could be sold by execution at law, was decided in Kelly v. Morgan's Lessee, 3 Yer., 437.
Tbe complainants then bad a complete remedy at law, and to ask relief in equity, was not only useless, but expensive and mischievous. They already bad a judgment in tbe Circuit Court, with an execution and levy upon tbe land, and all they bad to do, was to sell it under that writ. But instead of doing this, tbe sheriff is made *70 a party defendant to tbe bill, and restrained by injunction, from making tbe sale, and a decree to sell asked in Chancery.
This proceeding cannot be justified by tbe fact that sundry executions in favor of other creditors of Bridgman, from a justice of the peace, had been levied on the same land; because they had all been returned to the Circuit Court of Bledsoe county, the same Court in which complainants judgment was had, and orders of sale made; and all the executions must, necessarily, be in the hands of the same sheriff, or returnable to the same Court; and having the money produced by the sale in his hands, he could readily apply it, according to the priorities of the writs; or if he had doubts how to distribute it, the Court would advise him.
It is well settled, that where a sheriff has raised money under several executions, and is at a loss how to distribute it, the Court will, in a summary way, upon the facts stated in the return, advise how it should be distributed. It has the power over its suitors, and will so appropriate the money as to bind them and protect the sheriff. Washington et al. v. Saunders, 2 Dev. 343.
The case of Parrish v. Saunders and Martin, 431, was a conflict between different Courts.
We are, therefore, constrained to reverse the decree of the Chancellor, and to dismiss the complainants’ bill.
But as to the bill of Benjamin F. Bridgman, no demurrer was filed by John M. Bridgman, and it was taken pro confesso, as to him. This is equivalent to an answer, admitting the allegations of the bill; and if the demand of Benjamin F. Bridgman was purely a legal one under *71 the act of 1852, ch. 865, sec. 9, the question of jurisdiction is waived. Acts 1851-2, page 672.
He is,' therefore, entitled to hold his decree.
The complainants, Wiley Banks & Co., will pay the costs of their bill; and they, with the other parties to that suit, will be left to preserve their legal remedies under the levies.